Reversed by Supreme Court, December 10, 2007

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4554**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

DERRICK KIMBROUGH,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CR-04-185)

---

Submitted:  November 15, 2005          Decided:  May 9, 2006

---

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellant.  Frank W. Dunham, Jr., Federal Public Defender, Alexandria, Virginia; Riley H. Ross, III, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia; Frances H. Pratt, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The Government appeals the district court's imposition of a sentence outside of the United States Sentencing Guidelines range based, in part, on the district court's disagreement with the disparity between sentences for crack and powder cocaine violations. We have jurisdiction to review the sentence pursuant to 18 U.S.C.A. § 3742 (West 2000). We review post-Booker sentences for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

Derrick Kimbrough pleaded guilty to distributing fifty or more grams of crack cocaine, distributing cocaine, conspiring to distribute fifty grams or more of crack cocaine, and possessing a firearm in connection with a drug trafficking crime. The sentencing guideline range was 168 to 210 months imprisonment for the drug counts and 60 consecutive months for the firearm count. Based, in part, on the district court's disagreement with the sentencing disparity for crack and powder cocaine violations, the district court sentenced Kimbrough to 120 months on each of the three drug violations, to be served concurrently, and sixty months on the firearms charge, to be served consecutively. According to our recent decision in United States v. Eura, 440 F.3d 625 (4th Cir. 2006), a sentence that is outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses.

2

Because the district court concluded that the crack to powder cocaine disparity warranted a sentence below the applicable sentencing guideline range, we are constrained to vacate Kimbrough's sentence and to remand the case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>VACATED AND REMANDED</u>