**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4725**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

WILLIAM HOWARD HARGROVE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:06-cr-00226-D)

Submitted:  March 26, 2008          Decided:  April 11, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Howard Hargrove pled guilty without a plea agreement to two counts of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1)(2000), and one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2000). Hargrove appeals his sentence, contending that the district court erred in not considering the inherent inequity of the 100:1 ratio for crack and powder cocaine offenses as the basis for a variance in his case, and that his sentence is consequently unreasonable. We vacate Hargrove's sentence and remand for resentencing.

At sentencing, Hargrove requested a variance based on the sentencing disparity for crack and powder cocaine offenses, but acknowledged our decision in United States v. Kimbrough, 174 F. App'x 798 (4th Cir. 2006) (No. 05-4554) (unpublished) (vacating sentence because the district court deviated from the Guidelines range based on the sentencing disparity for crack and powder cocaine offenses). The district court declined to impose a variance sentence, explicitly relying on United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that the 100:1 ratio may not be used as a basis for a variance sentence). After Hargrove's brief was filed, however, the Supreme Court reversed this court's Kimbrough decision and held that "it would not be an abuse of discretion for a district court to conclude when sentencing a

- 2 -

particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 575 (2007).  As acknowledged by the Government, the district court did not have the benefit of the Supreme Court's <u>Kimbrough</u> decision in deciding not to vary below Hargrove's Guidelines range.

Accordingly, we vacate Hargrove's sentence and remand for resentencing in light of <u>Kimbrough</u>.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]On remand, the amended Guidelines for crack cocaine offenses, effective November 1, 2007, will apply.