In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-4098

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAMIEN BRODIE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 06 CR 47—**Larry J. McKinney**, *Chief Judge.*

---

ARGUED SEPTEMBER 10, 2007—DECIDED OCTOBER 19, 2007

---

Before EASTERBROOK, *Chief Judge*, and KANNE and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Damien Brodie was convicted after a jury trial of possession of cocaine and marijuana with the intent to distribute. *See* 21 U.S.C. § 841(a)(1). On appeal he argues that evidence recovered from his jacket should not have been admitted at trial. He also challenges the district court's calculation of his 240-month sentence under the sentencing guidelines. For the reasons set forth in this opinion, we affirm both his conviction and sentence.

## I. HISTORY

On February 22, 2006, law enforcement officers executed a "no-knock" search warrant at a double-family residence located at 521 North Temple Avenue in Indianapolis. The warrant gave the officers authority to search the house and to search for an individual known only as "Computer." Upon arriving at the address, the officers saw someone peer out the window. The officers then breached the front door.

After entering the residence, two officers observed Brodie, who was inside, remove his jacket, toss it into a corner, and run into the kitchen. The officers immediately ordered Brodie to the floor and secured the premises. Inside the jacket, the officers discovered a brown paper bag filled with marijuana and crack cocaine. The officers then searched Brodie himself and recovered 89 empty plastic baggies. Brodie was arrested and taken to the Marion County Jail where he was released the same day after posting a surety bond. Thereafter, in March 2006, a grand jury indicted Brodie on two counts of violating § 841(a)(1) based entirely on the evidence recovered from 521 North Temple Avenue.

The next month, on April 10, 2006, law enforcement officers executed an arrest warrant issued for Brodie upon the indictment, this time at his home at 1822 North Irvington Avenue. While arresting Brodie, the officers seized two digital scales containing marijuana and cocaine residue, as well as nine grams of marijuana. After this arrest, Brodie was detained pending trial.

Shortly before trial, Brodie moved to suppress the evidence recovered from the search of his home on April 10—evidence that the government sought to introduce at trial under Federal Rule of Evidence 404(b). After a suppression hearing, the district court denied the motion, concluding that Brodie had consented to the officers'

search of his home. At no time did Brodie challenge the admissibility of the evidence underlying the indictment—the evidence recovered during the February 22 search of 521 North Temple—either in his motion to suppress or during the suppression hearing.

After a two-day trial, a jury found Brodie guilty on two counts of violating § 841(a)(1). The probation officer prepared a presentence investigation report (PSR), in which he computed Brodie's base offense level at 32 based upon the amount of drugs involved in the offense. *See* U.S.S.G. § 2D1.1(c)(4). To this initial calculation the officer added two levels because the offense involved a firearm, *see id.* § 2D1.1(b)(1), and two levels because Brodie committed perjury at trial, *see id.* § 3C1.1. The total offense level of 36, combined with Brodie's Criminal History Category of III, yielded a guidelines range of 240 to 293 months' imprisonment.

Brodie's counsel filed two written objections to the PSR, one challenging each offense-level increase. At his sentencing hearing, Brodie acknowledged that he had reviewed the PSR with his attorney. The court then heard oral argument on each of Brodie's two objections: the district court sustained the objection to the offense-level increase because the crime involved a firearm and denied Brodie's objection to the offense-level increase for perjury. The court then asked Brodie whether he disputed his Criminal History Category as calculated under the guidelines. Brodie replied, "No." The court further inquired, "Is there anything else contained within the presentence investigative report that you would like to bring to my attention, Mr. Brodie?" This time Brodie answered, "Not Really." After giving consideration to the parties' arguments regarding the length of sentence to impose, *see* 18 U.S.C. § 3553(a), the district court sentenced Brodie at the bottom of the guidelines range to 240 months' imprisonment.

## II. ANALYSIS

Brodie appeals both his conviction and sentence, assigning error to (1) the district court's admission of evidence obtained during the February 22 search, (2) the district court's consideration of Brodie's prior criminal convictions that were not proven beyond a reasonable doubt to a jury during sentencing, and (3) the district court's use of the sentencing guidelines' suggested crack-to-cocaine-powder ratio found in U.S.S.G. § 2D1.1(c). However, Brodie never raised any of these arguments before the district court even though he had the opportunity to do so.

Our precedent regarding the waiver or forfeiture of rights by a criminal defendant is well-established. "Waiver occurs when a criminal defendant intentionally relinquishes a known right." *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006); *United States v. Murry*, 395 F.3d 712, 717 (7th Cir. 2005); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). Forfeiture occurs when a defendant negligently fails to assert a right in a timely fashion. *Haddad*, 462 F.3d at 793; *Staples*, 202 F.3d at 995. Waiver of a right extinguishes any error and precludes appellate review, whereas forfeiture of a right is reviewed for plain error. *See Haddad*, 462 F.3d at 793; *Staples*, 202 F.3d at 995. With this framework in mind, we will first review the failure-to-suppress error Brodie assigns to his conviction, and then turn to the alleged errors in the district court's sentencing.

Fed. R. Crim. P. 12(b) provides an example of how "use of the word 'waiver' when one actually means 'forfeiture' has led to some difficulty distinguishing the two terms." *United States v. Murdock*, 491 F.3d 694, 698 (7th Cir. 2007). According to Rule 12(b), a criminal defendant must move to suppress evidence prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(C). Moreover, Rule 12(e) states that a defendant who does not assert a timely motion to suppress

"waives" the defense. *See* Fed. R. Crim. P. 12(e). The text of Rule 12(e) allows the court to grant relief from such a waiver for good cause. *Id.*

In *United States v. Johnson*, we held that "in context the word 'waiver' in Rule 12(e) does not carry the strict implication of an 'intentional relinquishment of a known right' that precludes all appellate review." 415 F.3d 728, 730 (7th Cir. 2005). We reasoned that a defendant's failure to move to suppress evidence in a timely fashion is more analogous to the passivity or neglect characteristic of forfeiture. *See id.* We also noted that the court's ability to grant relief from a Rule 12(e) waiver for good cause militated in favor of classifying the failure to assert a motion to suppress as forfeiture rather than waiver. *Id.* Therefore, because there is no evidence in the record of Brodie's intention to relinquish his suppression motion other than his failure to comply with Rule 12(b)'s mandate that such a motion must be made before trial, Brodie has forfeited this argument.

Although a forfeited argument usually warrants plain error review, before engaging in such review for a Rule 12 forfeiture we must address "the antecedent question implicit in the language of Rule 12(e)": whether or not the defendant has established good cause for his neglect. *See id.* at 730-31. This court has repeatedly held that there is no good cause to excuse a Rule 12 forfeiture where a defendant files a timely motion to suppress on one ground, and later seeks to assert a new ground for suppression for the first time on appeal. *See Murdock*, 491 F.3d at 698; *Johnson,* 415 F.3d at 730. This is precisely what Brodie has done in this case. Before trial, Brodie filed a timely motion to suppress in which he challenged evidence recovered during the April 10 search. Brodie failed to lodge any objection to the February 22 search in that motion or at the suppression hearing before the dis-

trict court. It is only now, on appeal, that Brodie challenges the evidence recovered by authorities during the February 22 search. These actions do not demonstrate good cause. Because Brodie cannot meet the more exacting standard of good cause employed by Rule 12(e) our analysis ends here. It is unnecessary to decide whether a defendant can obtain a *de novo* appellate decision on the question of good cause by the expedient of failing to raise the issue in the district court. Moreover, we need not review the district court's admission of evidence collected from the February 22 search for plain error. *See Johnson*, 415 F.3d at 731; *United States v. Evans*, 131 F.3d 1192, 1193-94 (7th Cir. 1997).

Brodie's sentencing challenges are similarly meritless. A defendant who does not object to his sentence when asked whether he has any objections may communicate an intention to relinquish any arguments related to his offense calculation, *see United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005)*; United States v. Martinez-Jimenez*, 294 F.3d 921, 923 (7th Cir. 2002); *Staples*, 202 F.3d at 995, and it is clear from the record that Brodie had access to the PSR and knew of his right to object to the probation officer's recommendations. Brodie objected to certain parts of the PSR and stated on the record that he did not have any further objections when asked by the district court. This seems to us the paragon of intentional relinquishment. *See Murry*, 395 F.3d at 717 ("In this case, Murry waived his objection to the jury instruction at issue. The trial court asked Murry's counsel twice whether he had any objections to the instructions and twice he replied definitively that he did not."); *Richardson*, 238 F.3d at 841 ("At sentencing the judge asked Richardson's lawyer whether he had an objection to the enhancement, and the lawyer said 'no.' This was a waiver in the strict sense of the term, that is, a deliberate relinquishment of a known right.").

In *United States v. Jaimes-Jaimes*, we held that "a lawyer's statement at sentencing that the defendant does not object to anything in the presentence report does not inevitably constitute a waiver." 406 F.3d at 848. However, while we declined to read prior precedent as creating an inflexible rule of waiver, we also reaffirmed our holding in *United States v. Cooper* that when the defendant selects among arguments as a matter of strategy, he also waives those arguments he decided not to present. *See id.*; *United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006); *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001). Thus, we deemed a sentencing challenge was not waived where the government could proffer no strategic reason for the defendant to forego the argument, and where counsel would have been deficient for failing to raise it. *See Jaimes-Jaimes*, 406 F.3d at 848; *see also United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001) (suggesting that forfeiture applies where an unambiguous record compels the conclusion that counsel would have been deficient in not advising defendant to object).

That certainly is not at issue in this case where the defendant as well as counsel stated on the record that he had no further objections to the PSR and where counsel had sound reasons not to raise near-frivolous arguments to the sentencing judge. *Cf. United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (stating that counsel has tactical reasons to not raise weak arguments as they may distract the court from the stronger claims). Even assuming that Brodie merely forfeited his objections to the district court's sentencing, neither one constitutes plain error, as defense counsel wisely has conceded. Both the Supreme Court and this circuit have held that the district court may constitutionally increase a sentence after considering prior convictions not proven to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United*

*States*, 523 U.S. 224, 246-47 (1998); *United States v. Sachsenmaier*, 491 F.3d 680, 684-85 (7th Cir. 2007). Moreover, it is impossible for us to see how the trial court's use of the guidelines ratio could conceivably be plain error when we have held that it would be reversible error for the court to have ignored it and substituted a different ratio. *See United States v. Jointer*, 457 F.3d 682, 687 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006). *But see United States v. Kimbrough*, 174 F. App'x 798 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 2933 (U.S. June 11, 2007) (No. 06-6330).

Brodie thus has waived his objections to the district court's use of his prior convictions and its use of the guidelines' ratio for offenses involving crack. *See* U.S.S.G. § 2D1.1(c).[1]

### III. CONCLUSION

The judgment and sentence of the district court are AFFIRMED.

---

[1] We also note that it appears that Brodie may have been eligible for a consecutive ten-year prison term for his criminal activity while on pre-trial release based upon the evidence recovered from his home on April 10—evidence recovered after he was released on bond for the February 22 incident. *See* 18 U.S.C. § 3147; 21 U.S.C. § 841(a)(1). For reasons that are not clear from the record, it appears that this conduct was never charged.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*