NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2008
Decided May 5, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

Nos. 07-1012 & 07-1013

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> VICENTE CAMARENA-SALAZAR, <br> *Defendant-Appellant.* | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> Nos. 1:05CR00155-002 & 1:05CR00156-006 <br><br> Larry J. McKinney, <br> *Judge.* |

**O R D E R**

Vicente Camarena-Salazar pleaded guilty to separate indictments charging him with conspiracy to distribute cocaine and methamphetamine, respectively. *See* 21 U.S.C. §§ 846, 841(a)(1). The facts underlying the cocaine charge are set out in a separate opinion. *See United States v. Soto-Piedra*, No. 07-1339, (7th Cir. May 5, 2008). As for the methamphetamine charge, Camarena's role in that conspiracy ended when police in Indianapolis, Indiana, stopped his car and found 262 grams of methamphetamine.

Camarena was sentenced in both cases in December 2006. In the methamphetamine case the parties stipulated to a base offense level of 34 and a recommendation for a prison sentence at the bottom of the guidelines range. But Camarena did not have a plea agreement in the cocaine case. The probation officer calculated Camarena's total offense level for the combined cases as 40, which included a base offense level of 38 (after converting both the cocaine and methamphetamine to the equivalent of 311,048 kilograms of marijuana). *See* U.S.S.G. § 2D1.1(c)(1). The probation officer added four levels for Camarena's role as a leader or organizer, *see id.* § 3B1.1(a), and subtracted two levels for acceptance of responsibility, *see id.* § 3E1.1. The resulting imprisonment range was 292 to 365 months.

At sentencing Camarena acknowledged that he had reviewed the presentence report with his attorney, who is fluent in Spanish. Camarena told the district court that he did not dispute the probation officer's guidelines calculations and had nothing he wanted to bring to the court's attention. Counsel then focused his allocution on Camarena's wasted life and remorse. The district court sentenced Camarena to 292 months' imprisonment in each case, the terms to run concurrently. The court imposed these sentences after considering the factors enumerated in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Camarena's history and characteristics, the need to promote respect for the law, and the need to provide just punishment.

Camarena has appealed both judgments, but his appointed lawyer is unable to discern a nonfrivolous basis for either appeal and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Camarena has not accepted our invitation to comment on counsel's submission. *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Because both of the potential issues counsel identifies would be frivolous, we grant counsel's motion to withdraw and dismiss Camarena's appeals.

Counsel first considers whether Camarena could challenge the drug quantity used in assigning his base offense level since, according to counsel, the district court failed to make an explicit finding about the amount of cocaine for which Camarena was responsible. Counsel correctly notes, however, that Camarena waived this potential argument by expressly declining to challenge the probation officer's calculations when the sentencing court invited objections. "'Waiver occurs when a criminal defendant intentionally relinquishes a known right.'" *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007) (quoting *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006)). And even if Camarena had objected, it would not have helped him. The probation officer calculated a conversion in the presentence report that the district court adopted. We have noted many times that when a district court adopts a presentence report it discharges its obligation to make factual findings. *United States v. Brumfield*, 301 F.3d 724, 735 (7th Cir. 2002) (collecting cases).

The only other possible argument identified by counsel is whether Camarena's prison sentences are unreasonable in light of the § 3553(a) factors. Camarena was sentenced at the bottom of the guidelines range in both cases. We review sentences for reasonableness, *see United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007), and will presume that any sentence within a properly calculated guidelines range is reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here, the guidelines range was properly calculated, and counsel is unable to identify anything in this case that might rebut that presumption. Therefore any potential challenge to the reasonableness of the sentences would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS Camarena's appeals.