NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 6, 2008
Decided August 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3845

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plantiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-102-S-01 |
| EFRAIN FLORES-SANCHEZ, *Defendant-Appellant.* | John C. Shabaz, *Judge*. |

**O R D E R**

Efrain Flores-Sanchez pleaded guilty to being a deported alien present in the United States without the consent of the Attorney General, in violation of 8 U.S.C. § 1326(b). The district court sentenced Flores-Sanchez to 60 months' imprisonment. Flores-Sanchez argues that the district court erred in applying a 16-level upward adjustment based on his prior Wisconsin conviction for false imprisonment. He contends that under Wisconsin law, false imprisonment is not a crime of violence as defined by U.S.S.G. § 2L1.2, and so there was no basis for the adjustment. Because Flores-Sanchez waived this argument, we affirm.

Flores-Sanchez was removed from the United States on December 3, 2004. He returned without permission and was found in Madison, Wisconsin, on May 2, 2007. The next month a grand jury in the Western District of Wisconsin returned an indictment against Flores-Sanchez, charging him with having been found in the United States after having been removed. He pleaded guilty the following September.

The probation officer recommended a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Flores-Sanchez's 2004 conviction under a Wisconsin statute providing that "[w]hoever intentionally confines or restrains another without the person's consent and with knowledge that he or she has no lawful authority to do so is guilty of a Class H felony." WIS. STAT. § 940.30. Flores-Sanchez objected, arguing that "the Wisconsin false imprisonment statute does not constitute a crime of violence" under the guidelines. For an offense to qualify as a crime of violence under § 2L1.2(b), Flores-Sanchez maintained, the "use, attempted use, or threatened use of physical force" must be an element of the offense. The Government responded that Flores-Sanchez's crime was indeed a crime of violence because the judgment of conviction showed that he was convicted of unlawfully "restrain[ing]" another, rather than simply "confining" her, and thus the crime of which he was convicted necessarily involved the use of force.

At sentencing, after the Government explained its position to the court, the following colloquy took place:

MR. CARRANZA:     Judge, I guess briefly I would just state that before going on the record Mr. O'Shea and I did discuss the issue raised by my objection and he did provide to me or share with me those documents that he just tendered to the Court. I think I would agree at that point – at this point the exhibit, especially with the information that my client entered a plea to, clarifies things to the point where I would agree with Mr. O'Shea there is no longer any ambiguity as to whether at least the false imprisonment conviction that Mr. Flores-Sanchez has on his record qualifies as a criminal violence.

THE COURT:     And would you then withdraw your objection?

MR. CARRANZA:     I would, Your Honor.

> THE COURT:        Does the Defendant, Mr. Sanchez, do you withdraw your
> objection that has previously been stated by your attorney
> to the Court?
>
> INTERPRETER:      Yes.

After noting that Flores-Sanchez's objection to the 16-level increase had been withdrawn, the court sentenced Flores-Sanchez to 60 months' imprisonment, in the middle of the guidelines range.

Flores-Sanchez raises only one issue: whether the district court erred in determining that his state conviction for false imprisonment constituted a crime of violence for purposes of U.S.S.G. § 2L1.2. Flores-Sanchez waived this argument, and so his sentence must be affirmed.

"'Waiver occurs when a criminal defendant intentionally relinquishes a known right.'" *United States v. Clements*, 522 F.3d 790, 793 (7th Cir. 2008) (quoting *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007)). "The touchstone of waiver is a knowing and intentional decision." *United States v. Allen*, 529 F.3d 390, 394 (7th Cir. 2008) (quoting *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005)). Waiver "extinguishes any error and precludes appellate review." *Brodie*, 507 F.3d at 530; *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006); *United States v. Murray*, 395 F.3d 712, 717 (7th Cir. 2005). "We have found waiver where either a defendant or his attorney expressly declined to press a right or to make an objection." *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001).

Both Flores-Sanchez and his attorney were asked by the district court if they withdrew the objection to the 16-level upward adjustment, and each responded that they did. Flores-Sanchez knowingly and intentionally relinquished his right to challenge the applicability of the adjustment. Because he did so, there is nothing left for us to review.

Shortly before this case was orally argued, another panel of this court decided *United States v. Billups*, No. 07-2037 (7th Cir. July 29, 2008). *Billups* held that WIS. STAT. § 940.30—the same Wisconsin false imprisonment statute at issue in this case—is a crime of violence for purposes of determining whether a defendant is a career offender under U.S.S.G. § 4B1.2. The career offender guideline, however, differs markedly from § 2L1.2, the guideline at issue here. Both guidelines define "crime of violence," subject to certain qualifications, as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another," see U.S.S.G. §§ 2L1.2 cmt. (1)(B)(iii); 4B1.2(a)(1). But only the career criminal guideline—not the illegal re-entry guideline—adds

that a crime of violence is *also* any felony that "involves conduct that presents a serious risk of physical injury to another."  See U.S.S.G. § 4B1.2(a)(2); *Billups*, slip op. at 4.

*Billups* held that a conviction under § 940.30 "involves conduct that presents a serious risk of physical injury to another," but it held that § 940.30 did not have as an element the "use, attempted use, or threatened use of physical force." *Billups*, slip op. at 4. *Billups* thus rejected the interpretation of § 2L1.2 adopted by the Government at Flores-Sanchez's sentencing hearing. If he had not waived the point, Flores-Sanchez may have had a valid argument that the district court miscalculated the advisory guideline range for his sentence. Recognizing that the Government had the option of standing on the waiver or foregoing it, we asked at oral argument which course the Government wished to take. It responded that it wished to stand on the waiver and, if necessary, litigate the sentencing issue after Flores-Sanchez files a motion to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel (as he almost assuredly will).

Flores-Sanchez's sentence is therefore AFFIRMED.