NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010
Decided November 22, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-1163

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 09 CR 417-1 |
| FRANCISCO FERRER-LEON, | |
| *Defendant-Appellant.* | Blanche M. Manning, |
| | *Judge.* |

**O R D E R**

Francisco Ferrer-Leon, a Mexican citizen, has been removed from the United States three times since 1998. The first time followed an Illinois conviction for aggravated criminal sexual abuse, and the last occurred in January 2008 after his release from federal prison on a conviction for illegal reentry, 8 U.S.C. § 1326(a). Federal authorities found Ferrer-Leon again in late 2008 after an Illinois court had sentenced him to two years' imprisonment for criminal trespass and for the unlawful restraint of his estranged wife. The government again charged Ferrer-Leon with violating § 1326(a), and after pleading guilty he was sentenced to 57 months' imprisonment. Ferrer-Leon filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ferrer-Leon did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential

issue identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).  We agree with counsel that the appeal is frivolous, so we grant the motion to withdraw and dismiss the appeal.

Initially, we note that Ferrer-Leon has told appellate counsel that he does not want his guilty plea set aside, so counsel correctly avoids discussing the voluntariness of the plea or the adequacy of the plea colloquy.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel has identified only one potential issue for appeal: whether Ferrer-Leon could challenge the reasonableness of his prison term.  In evaluating that question, counsel observes that the 57-month term is within the statutory maximum because aggravated criminal sexual abuse is an "aggravated felony," *see* 8 U.S.C. § 1101(a)(43)(A); *Flores-Leon v. INS*, 272 F.3d 433, 439 (7th Cir. 2001), and thus Ferrer-Leon's conviction for that crime raised the statutory maximum from 2 years to 20 years.  *See* 8 U.S.C. § 1326(a), (b)(2).  Counsel also correctly observes that Ferrer-Leon waived any appellate challenge to the guidelines calculations by affirmatively stating at sentencing that he agreed with the presentence investigation report, in which the probation officer correctly calculated a guidelines imprisonment range of 57 to 71 months.  *See United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007).  The district court adopted that range and chose a sentence at the low end, and we would presume that term to be reasonable.  *See Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009).  The district court had acknowledged Ferrer-Leon's arguments in mitigation before imposing the sentence, including that he returned to the United States in part to find adequate mental-health treatment for his son.  The court also considered the sentencing factors in 18 U.S.C. § 3553(a), focusing particularly on the need to deter Ferrer-Leon from future immigration offenses and to protect the public from his potential commission of additional violent crimes.  *See United States v. Mendoza*, 576 F.3d 711, 721 (7th Cir. 2009).  Although the sentencing court did not discuss each factor in § 3553(a), the judge's statements show that the court meaningfully considered the types of factors identified in that provision, which is all it must do.  *See id.*  Accordingly, we agree that it would be frivolous to challenge Ferrer-Leon's prison sentence as unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.