**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011
Decided June 6, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3137

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 996 - 1 |
| LARONE D. PRICE, *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**O R D E R**

Larone Price was arrested after attempting to purchase twenty kilograms of cocaine from a government informant. Price pleaded guilty to conspiring to possess with intent to distribute a controlled substance, *see* 21 U.S.C. § 846, and was sentenced to 135 months' imprisonment. He filed a notice of appeal, but his appointed lawyer, unable to identify an arguable issue to pursue, moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Price has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Price has informed counsel that he does not wish to set aside his guilty plea, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first evaluates whether Price could challenge the calculation of his guidelines range, but rightly concludes that Price waived that challenge by urging the district court to adopt the probation officer's calculations. *See United States v. Brodie,* 507 F.3d 527, 531 (7th Cir. 2007). Those calculations were premised on a base offense level of 34, which the government contested on grounds that Price should have been accountable for additional drugs. The district court, however, found the government's evidence unpersuasive and ultimately adopted the probation officer's calculations (a range of 120 to 135 months' imprisonment, based on a total offense level of 31 and criminal history category of I).

Counsel next considers whether Price could argue that his 135-month prison sentence is substantively unreasonable, but properly rejects any such argument as frivolous. Price's sentence is within this guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010), and counsel identifies no reason to disturb that presumption. Given the district court's careful consideration of Price's arguments and its articulation of a within-range sentence based on the § 3553(a) factors, we have no reason to conclude that the district court abused its discretion.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.