NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2013
Decided May 21, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2342

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:11-cr-00083-1 |
| | |
| RAYDALE MITCHELL, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

After selling almost 900 grams of heroin to two confidential informants, Raydale Mitchell pleaded guilty to distributing heroin, 21 U.S.C. § 841(a)(1). Two prior felony convictions involving a crime of violence made Mitchell a career offender, *see* U.S.S.G. §§ 4B1.1(a), (b)(3), which gave him an offense level of 29 after a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1, and yielded a guidelines sentence of 151 to 188 months. The probation officer who prepared the presentence report determined that, without the career-offender analysis, Mitchell would be subject to an identical guidelines range based on the amount of heroin attributable to him, *see id.* §§ 2D1.1(a)(5), (c)(5), and a 2-level increase because Mitchell had acted as an organizer

by paying his brother to deliver some of the heroin for him, *see id*. § 3B1.1(c). The district court adopted these calculations and sentenced Mitchell to 168 months' imprisonment. Mr. Mitchell filed a notice of appeal, but his attorney has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Mitchell opposes his lawyer's motion. *See* Cir. R. 51(b). We confine our review to the potential issues in counsel's facially adequate brief and Mitchell's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first notes that Mitchell does not want to challenge his guilty plea and therefore properly refrains from discussing whether the plea was knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel then considers whether, despite his career-offender status, Mitchell could argue that his offense level should not have been increased by two for playing an organizational role in the offense. To qualify for the increase, Mitchell must have been "an organizer, leader, manager, or supervisor in . . . any criminal activity." *See* U.S.S.G. § 3B1.1(c). At sentencing he objected to the increase on the ground that he and his brother were equal partners in distributing heroin, but counsel correctly concludes that any such challenge would be frivolous given that Mitchell set up the drug deals, recruited his brother to deliver heroin on his behalf, and determined how much compensation his brother would receive. *See United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012); *United States v. Knox*, 624 F.3d 865, 874 (7th Cir. 2010); *United States v. Doe*, 613 F.3d 681, 687 (7th Cir. 2010). Moreover, because Mitchell was sentenced as a career offender, the adjustment did not affect his offense level or guidelines range. *See* U.S.S.G. § 4B1.1(b) (instructing that a defendant's offense level is determined under the career-offender guidelines if greater than the otherwise-applicable offense level).

Mr. Mitchell considers challenging his classification as a career offender because, he says, he completed his parole term on one of the predicate convictions more than 15 years before the drug transactions in this case. *See* U.S.S.G. § 4A1.2(e)(1). Mitchell had objected on this ground to the presentence report, stating that he "[did] not believe he had a parole revocation in 1995" as reported in the presentence report and that the conviction was therefore discharged when he completed his original sentence in 1992. The probation office addressed this objection in an addendum to the presentence report, noting that the Illinois Department of Corrections had confirmed that the conviction was not discharged until 1995 (thus falling within 15 years of Mitchell's 2009 drug deals). Mitchell withdrew his objection to the career-offender designation at sentencing, and he has therefore waived this argument. *See United States v. Brodie*, 507 F.3d 527, 531–32 (7th Cir. 2007) (finding waiver where defense counsel stated on the record that

he had no further objections to PSR and counsel had strategic reasons for not pursuing groundless arguments).  Furthermore, any argument disputing his career-offender status would be frivolous given that Mitchell's sentence fell within the range that would have controlled if he were not a career offender.  *See United States v. Schuster*, 467 F.3d 614, 620 (7th Cir. 2006); *United States v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005).

Counsel finally considers whether Mitchell could argue that his 168-month sentence is unreasonable.  As counsel recognizes, however, this sentence is within the guidelines range and thus presumptively reasonable.  *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010).  Moreover, counsel has not been able to identify any reason to disregard that presumption.  The district court discussed the sentencing factors under 18 U.S.C. § 3553(a), highlighting the need to protect the community from Mitchell, whose crimes had become increasingly violent.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.