NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013
Decided November 4, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3931

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-CR-104-BBC-01 |
| JOSE S. ESPINOZA, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Jose Espinoza pleaded guilty to attempting to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 78 months' imprisonment, within the guidelines imprisonment range of 70 to 87 months. He filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Espinoza has not responded to counsel's motion. *See* Cir. R. 51(b). We limit our review to the potential issues

identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first informs us that Espinoza does not want to challenge his guilty plea. Thus the lawyer appropriately omits discussion about the plea colloquy and the voluntariness of Espinoza's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel does evaluate whether Espinoza could challenge the district court's finding that his relevant conduct involved 5.25 kilograms of cocaine. As to four of those kilograms, Espinoza admitted only to negotiating their purchase for a later date, and a district court may consider negotiated quantities of undelivered drugs only if the defendant was "reasonably capable" of purchasing the drugs. *See* U.S.S.G. § 2D1.1, cmt. n.12 (2011); *United States v. Vaughn*, 585 F.3d 1024, 1032 (7th Cir. 2009). Given Espinoza's limited financial resources, counsel considers whether the court properly held him accountable for a negotiated drug amount that he purportedly could not afford. But Espinoza waived any such argument on appeal when he decided at sentencing to withdraw his objection to the four-kilogram quantity (in order to prevent any inconsistency with the proffer statements he made to cooperate fully with the government, satisfy the "safety valve" requirements of U.S.S.G. § 5C1.2(a), and obtain a two-level reduction under U.S.S.G. § 2D1.1(b)(16)). *See United States v. Brodie*, 507 F.3d 527, 530–32 (7th Cir. 2007); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000).

Counsel also addresses whether Espinoza could challenge his 78-month prison term as unreasonable. But the within-guidelines sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and we agree with counsel that the record presents no basis to set that presumption aside. The district court adequately addressed the sentencing factors in 18 U.S.C. § 3553(a), noting Espinoza's clean criminal record and struggles with substance abuse, *id.* § 3553(a)(1), but emphasizing the need to protect the community from drug crimes, *id.* § 3553(a)(2)(C), and hold Espinoza accountable for his actions, *id.* § 3553(a)(2)(A).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.