NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014
Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2913

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 04-30046-001 |
| | |
| HENRY D. JOHNSON, | Sue E. Myerscough, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Henry Johnson was a high-ranking member in the Black P-Stones Nation gang, responsible for a large-scale crack, cocaine, and marijuana distribution outfit in Quincy, Illinois. He was convicted by a jury in 2005 of engaging in a continuing criminal enterprise, 21 U.S.C. § 848, using a telephone to facilitate a drug offense, 21 U.S.C. § 843(b), conspiring to distribute narcotics, 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), maintaining a drug-involved premises, 21 U.S.C. § 856(a)(2), distributing marijuana, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D), and aiding and abetting the distribution

of crack cocaine, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Johnson's appointed attorney asserts that the appeal, now Johnson's fourth, is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Johnson to respond, *see* CIR. R. 51(b), but he did not. Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Johnson was initially sentenced, in this protracted case, to life imprisonment. We affirmed his convictions but remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85, 110 (2007). *United States v. Johnson*, 584 F.3d 731, 740 (7th Cir. 2009). After the district court upheld the life sentence, we remanded again because the court did not appropriately account for the factors set forth in 18 U.S.C. § 3553(a). *United States v. Johnson*, 635 F.3d 983, 990 (7th Cir. 2011). The court resentenced Johnson to 360 months. He appealed and we granted the parties' joint motion for remand so that the judge could address Johnson's argument for a reduced sentence based on the disparity in punishment between powder cocaine and crack. *United States v. Johnson*, No. 12-3254 (7th Cir. March 7, 2013). On remand again the judge sentenced Johnson to 293 months.

Counsel first considers challenging the accuracy of Johnson's sentence, but properly concludes that such a challenge would be frivolous. Counsel correctly points out that none of Johnson's sentences exceeded a statutory maximum penalty and that Johnson waived any challenge to the calculation of his guideline range when he confirmed at sentencing that he had the opportunity to read the presentence report, knew of his right to object to its contents, and stated that he had no objections. *United States v. Jones*, 635 F.3d 909, 915 n.6 (7th Cir. 2011); *United States v. Brodie*, 507 F.3d 527, 531 (7th Cir. 2007).

Counsel also properly determined that it would be frivolous to challenge the reasonableness of Johnson's sentence. A below-guidelines sentence, as Johnson's 293-month sentence was, is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified a reason to disturb that presumption, nor can we. The district court acknowledged "the improvement in [Johnson's] life, . . . [his] attitude and [his] behavior in prison," but noted he was the leader of a long-lasting, extensive drug conspiracy and had continued his gang association in prison. *See* 18 U.S.C. § 3553(a)(1).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.