In the

# United States Court of Appeals

### For the Seventh Circuit

No. 17-1823

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH D. HATHAWAY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 15-CR-30035 — **Richard Mills**, *Judge.*

ARGUED JANUARY 8, 2018 — DECIDED FEBRUARY 12, 2018

Before EASTERBROOK and SYKES, *Circuit Judges*, and
BUCKLO, *District Judge.*[*]

BUCKLO, *District Judge.* Ralph Hathaway was convicted
after a jury trial of knowingly transporting a minor across
state lines to engage in criminal sexual activity and of travel-
ing between states to do the same. *See* 18 U.S.C. § 2423(a),

---

[*] Of the Northern District of Illinois, sitting by designation.

(b). At sentencing, the district court ordered Hathaway to pay restitution to his victim; Hathaway objected to part, but not all, of the restitution order. On appeal, Hathaway challenges the portions of the restitution order that he declined to contest in the district court. Because Hathaway waived his right to assert further objections to the restitution order, we affirm.

In early 2013, when Hathaway was 44 years old, he began exchanging online messages with a 13-year-old girl, "L.H." After pursuing L.H. online via video chats and social media accounts for a few months, Hathaway proposed that the two meet in person. Soon thereafter, he drove from Illinois to L.H.'s home in South Carolina, where he convinced L.H. to engage in sexual activity with him. In the year that followed, Hathaway made several more trips to South Carolina to continue the sexual relationship.

In June 2015, Hathaway again traveled to South Carolina, this time to pick L.H. up in the middle of the night and drive her to his home in Illinois. Law enforcement found L.H. there the next evening and took her into protective custody. Agents also brought Hathaway in for questioning but released him later that night. After the authorities intervened, L.H.'s father gave them permission to send L.H. to California to live temporarily with her uncle, in part to keep her away from Hathaway, who had not yet been arrested. While L.H. was in California, her father traveled to Illinois to collect her belongings from the sheriff's department.

Hathaway was eventually arrested and charged with one count of transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) and two counts of traveling between states for the purpose of

engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). After a four-day trial, a jury found him guilty on all three counts.

The probation office's presentence investigative report (PSR) calculated Hathaway's offense level at 41 with a criminal history category of I, which meant that his sentencing guidelines range for the § 2423(a) conviction was 324 to 405 months of imprisonment. The PSR also recommended that Hathaway pay $4,489 in restitution to his victim and her family, including $1,089 for L.H.'s counseling expenses, $3,100 for costs incurred in relocating L.H. to California after law enforcement found her at Hathaway's home, and $300 for the costs of retrieving L.H.'s belongings from Illinois.

At his sentencing hearing, Hathaway raised six objections to the PSR, one of which concerned restitution. Specifically, Hathaway opposed the inclusion of the victim's counseling expenses in the restitution calculation. Before addressing the objections, the court advised Hathaway of his right to present additional pro se objections, and the court asked both Hathaway and his attorney whether there were other issues they wished to contest. Hathaway told the court that his attorney had already presented all of his objections in the paperwork filed with the court, and Hathaway's attorney confirmed that he had no further objections to add.

The district court denied Hathaway's objection to the restitution calculation, concluding that the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, required Hathaway to pay for his victim's counseling and psychological care. Thus, in addition to imposing a 400-month prison term and five years of supervised release, the district court ordered Hathaway to pay all $4,489 of the proposed restitu-

tion, including the counseling expenses and the remaining $3,400 in uncontested costs.

On appeal, Hathaway contends that the district court erred by including the relocation expenses in the restitution calculation because, in his view, they were not directly related to his criminal conduct. He also argues that the court should not have included the retrieval expenses because they were not properly supported in the record. In response, the government asserts that Hathaway waived these late objections by declining to raise them at his sentencing hearing and by strategically asserting other objections instead.

A criminal defendant hoping to preserve an issue for appeal must make a "timely and specific objection" in the district court. *United States v. Burns*, 843 F.3d 679, 685 (7th Cir. 2016). There is no dispute that Hathaway failed to object to paying L.H.'s relocation and retrieval expenses at sentencing, so we must determine whether Hathaway waived or merely forfeited the objections he now pursues on appeal. *Id.*

"Waiver is the intentional relinquishment of a known right." *United States v. Waldrip*, 859 F.3d 446, 449 (7th Cir. 2017) (quoting *Burns*, 843 F.3d at 685). Forfeiture, on the other hand, is the accidental or neglectful failure to timely assert a right. *Id.* at 450. The distinction between waiver and forfeiture is an important one. *See United States v. Butler*, 777 F.3d 382, 386–87 (7th Cir. 2015). While waiver "precludes appellate review by extinguishing any error that occurred," forfeiture allows for plain-error review on appeal. *Waldrip*, 859 F.3d at 449–50; *see also* Fed. R. Crim. P. 52(b).

To resolve whether a defendant has waived or forfeited an argument, we must determine "whether [he] chose, as a

matter of strategy, not to present [the] argument." *United States v. Garcia*, 580 F.3d 528, 541 (7th Cir. 2009). "We do not require the defendant to expressly state on the record his intent to waive a challenge before we will consider it waived." *Id.* at 542. Rather, we evaluate the record as a whole to surmise whether a defendant's failure to object was deliberate. *Waldrip*, 859 F.3d at 449.

In *United States v. Brodie*, 507 F.3d 527 (7th Cir. 2007), we observed that a decision to assert some sentencing objections and not others was "the paragon of intentional relinquishment." *Id.* at 531. In that case, a criminal defendant appealed both his conviction and sentence, asserting several arguments he never raised in the district court. *Id.* at 530. We held that the defendant waived his sentencing challenges because: 1) he knew of his right to object to the probation officer's recommendations at the time of his sentencing, and in fact did object to certain parts of his PSR; and 2) he stated on the record that he had no further objections when the district court inquired. *Id.* at 531. Recognizing that defendant's counsel had sound reasons not to raise in the district court the weak arguments he was pressing on appeal, we concluded that the defendant's failure to preserve the issues for appeal was a deliberate decision rather than an oversight. *Id.* at 531–32.

As in *Brodie*, Hathaway's specific objections to several parts of the PSR, including the proposed restitution for counseling expenses, indicate that he did not just carelessly overlook the restitution issue at sentencing. Hathaway was obviously aware of his right to challenge the PSR's restitution calculation. He exercised this right by objecting to one category of restitution expenses and not the others. When, at

the sentencing hearing, the district court invited Hathaway and his attorney to raise any additional objections, they expressly declined to do so, just as the defendant did in *Brodie*. This record indicates that Hathaway made a strategic decision to assert one restitution-related argument and to forgo others. *See Garcia*, 580 F.3d at 542 (defendant waived his challenge to the court's drug-quantity calculation when he "had access to the PSR, knew of his right to object, considered objecting to portions of the PSR other than the [drug-quantity calculation], and stated on the record that he did not have any further objections when asked by the district court"). Hathaway cannot now assert the arguments he previously disclaimed. *See id.* at 541–42; *Brodie*, 507 F.3d at 531–32; *see also United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017) (defendant's objection to certain factual characterizations in the PSR, but not to the PSR's guidelines calculation, supports waiver).

Hathaway contends that his failure to object to the relocation and retrieval expenses was mere forfeiture because, in his view, there is no strategic rationale that could explain the failure. But many factors could have motivated Hathaway's decision not to challenge the other restitution amounts at sentencing. He and his attorney might have determined that objecting to the relocation and retrieval costs would have been futile. *See, e.g., Waldrip*, 859 F.3d at 450 (futility as a strategic rationale); *see also United States v. Hayward,* 359 F.3d 631, 642 (3d Cir. 2004*)* (concluding that parents were entitled to restitution under the MVRA for reasonable costs incurred in "obtaining the return of their victimized children" and "making their children available to participate in the investigation and trial"). Or they might have decided that Hathaway had a better chance at prevailing on the counseling ex-

penses alone than on the three restitution categories together. *See Brodie*, 507 F.3d at 532 (noting tactical reasons for omitting weak arguments that could distract from other objections). Whatever the strategic thinking might have been at the time, the fact that Hathaway challenged some, but not all, of the restitution calculations, while expressly declining to raise other objections, exhibits intentional relinquishment.

As we have cautioned, the "sentencing in the district court is the main event." *United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016). If Hathaway had concerns about the PSR's restitution recommendation beyond the ones his attorney articulated in his written submission, the sentencing hearing was the appropriate time to raise them.

Hathaway has waived his objections to the restitution calculation. The district court's sentence is AFFIRMED.