Bauer, Circuit Judge.
In 2010, Wayne Scott was sentenced to 63 months of imprisonment and 36 months of supervised release after entering into a written plea agreement for engaging in two schemes to defraud investors and potential investors. After his release, Scott violated his supervised release conditions several times. At the revocation hearing for one of these violations, the district court found Scott violated one of his probation conditions and sentenced him to an additional 36 months of supervised release. Scott argues on appeal that the district court committed procedural errors at the revocation hearing in failing to calculate or discuss the advisory Sentencing Guidelines range and in failing to afford him an opportunity to allocute.
I. BACKGROUND
In 2009, Scott was charged with and pleaded guilty to engaging in two schemes to defraud investors and potential investors, in violation of 18 U.S.C. § 1341. One of the supervised release conditions the district court imposed at sentencing was that he could not incur new credit charges or open additional lines of credit without the approval of the probation officer. On January 17, 2017, the government filed a motion alleging that Scott had violated this condition.
On July 6, 2017, the district court held a revocation hearing and determined that Scott violated this probation condition. When asked for its sentencing recommendation, the government referenced a special report on a prior violation during the same probation period that recommended five months in custody and a new term of 36 months' supervised release. The district court declined to impose further custody due to Scott's regular restitution payments. The government then requested that the court extend the term of supervised *974 release. Defense counsel answered, "we have no objection to extending the period of mandatory supervised release." Thus, the district court agreed to the 36 months of supervised release.
At the end of the hearing, the district court reiterated to Scott that he needed to continue making his restitution payments in order to avoid future appearances in court. Scott replied, "Your Honor, I just want to add for the record," and defense counsel interjected stating, "No, you're going to talk to me first." Scott agreed, and the two conferred. Defense counsel then returned and said, "Pardon me, Judge. Thank you for the opportunity to talk. I don't believe he has anything else he wants to tell the Court." The district court accepted this statement and the hearing ended.
Before the next status hearing on July 19, 2017, Scott retained new counsel. At this hearing, the district court addressed the issue that the extension of Scott's supervised release for three years required the imposition of a period of custody. The district court proposed a sentence of one day of custody, considered time served, followed by three years of supervised release. The district court asked if there were any objections. Defense counsel did not explicitly object, and stated, "I'm not looking to reopen Mr. Scott's sentencing hearing." Defense counsel then advocated for a shorter supervised release period, but made no inquiry or argument concerning the applicable advisory Sentencing Guidelines calculation or Scott's lack of allocution at the original revocation hearing.
On August 1, 2017, Scott filed a motion to reconsider, challenging the district court's finding of a violation of supervised release and reiterating the sentencing arguments made on July 19. Additionally, he asserted for the first time that he did not agree with his prior counsel's decision not to object to the new sentence of supervised release, that there was no mention of a specific Sentencing Guidelines calculation at his revocation hearing, that the potential penalties were not made clear to him, and that he was unable to present mitigation at the revocation hearing.
The district court entered judgment on August 16, 2017. On August 27, Scott filed an amended motion for reconsideration and noticed this motion for hearing two days later. On that same day, the district court denied the motion for reconsideration. Scott timely appealed.
II. ANALYSIS
On appeal, Scott argues the district court erred in failing to calculate and consider the Sentencing Guidelines range for his violation of the conditions of supervised release and that the district court failed to comply with Federal Rule of Criminal Procedure 32.1(c)(1), which affords defendants the right to allocute. We find that Scott waived both issues.
"Waiver occurs when a criminal defendant intentionally relinquishes a known right." United States v. Brodie , 507 F.3d 527, 530 (7th Cir. 2007) ; United States v. Haddad , 462 F.3d 783, 793 (7th Cir. 2006). Waiver effectively "extinguishes any error and precludes appellate review." United States v. Armour , 804 F.3d 859, 865 (7th Cir. 2015) (quoting Brodie , 507 F.3d at 530 ). Conversely, "[f]orfeiture occurs when a defendant negligently fails to assert a right in a timely fashion," which triggers plain error review. Brodie , 507 F.3d at 530.
"The touchstone of waiver is a knowing and intentional decision." United States v. Jaimes-Jaimes , 406 F.3d 845, 848 (7th Cir. 2005). A defendant's decision to present one argument and not another is a matter of strategy, and the arguments he *975 decides not to present are waived. Id. Similarly, "[a] defendant who does not object to his sentence when asked whether he has any objections may communicate an intention to relinquish any arguments related to his" sentencing conditions. Brodie , 507 F.3d at 531.
As a preliminary matter, it is important to note that revocation hearings are more summary proceedings subject to lesser standards than sentencing hearings. United States v. Lee , 795 F.3d 682, 685 (7th Cir. 2015) ("[T]he full panoply of rights that the Constitution guarantees to criminal defendants does not extend to them" in revocation hearings) (citations and quotation marks omitted).
At the revocation hearing on July 6, 2017, the district court discussed with the parties a sentence for Scott's violation. After the district court rejected additional incarceration, the government recommended 36 months of supervised release. Defense counsel responded saying, "we have no objection to extending the period of mandatory supervised release."
At the end of this hearing, the district court allowed Scott to speak for the record. However, his attorney cut him off and requested a moment to speak with Scott privately. After speaking privately, counsel confirmed with the court that Scott had nothing further to say, effectively relinquishing his right to allocute. It is not the court's job to interfere with an attorney-client relationship. Rather, the district court must be able to rely on the representations given by counsel. Furthermore, Scott previously had a sentencing hearing where the district court afforded him the opportunity to allocute. This allows us to conclude that he was familiar with his right to allocute.
Scott had a new attorney at the resentencing hearing on July 19, 2017. At this hearing, defense counsel specifically stated, "I'm not looking to reopen Mr. Scott's sentencing hearing." As defense counsel conceded at oral argument, he declined review of the 36 months of supervised release as well as the asserted failure to allow allocution. Instead, he focused this time before the court on advocating for a shorter probation period. This would have been the appropriate time for counsel to assert any objections to either of these issues. However, by failing to raise these objections, he affirmatively waived the right to challenge either of these issues. See United States v. Gabriel , 831 F.3d 811, 814 (7th Cir. 2016). Therefore, our review is precluded.
III. CONCLUSION
For the foregoing reasons, we AFFIRM the district court's findings.