**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020
Decided April 13, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1984

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-CR-00521(1) |
| DANE PHENEGAR, *Defendant-Appellant*. | Manish S. Shah, *Judge*. |

**O R D E R**

Dane Phenegar pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced as a career offender, *see* U.S.S.G. § 4B1.1(a), to a below-guidelines sentence of 108 months. Phenegar appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Phenegar did not respond to counsel's brief, *see* CIR. R. 51(b), which explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because counsel's brief appears thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel represents that he consulted with Phenegar and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Phenegar could challenge his career-offender designation on the grounds that his prior conviction under 720 ILCS 570/404(b) for possessing a "look-alike" substance—crushed sleeping pills and baking soda, intended to look like cocaine—was not a "controlled-substance offense" for purposes of U.S.S.G. § 4B1.1(a). But counsel properly concludes that this challenge would be frivolous. We have previously ruled that "'look-alike' offenses constitute controlled-substance offenses for sentencing purposes." *United States v. Hudson*, 618 F.3d 700, 701 (7th Cir. 2010) (joining at least four sister circuits in so holding). In any event, the court explained that the 108-month sentence, which was lower than the range suggested by the career-offender guidelines, "would [have been] the same even if the career offender guidelines didn't apply." *See United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018) ("[W]here a district judge makes clear that he would have applied the same sentence irrespective of an auxiliary decision, any error in such a decision is harmless.").

Next, counsel explores whether Phenegar could attack any other aspect of his sentence but properly concludes that doing so would be pointless. The district court correctly calculated a guidelines range of 151 to 188 months, based on a total offense level of 32, a three-level reduction for accepting responsibility, and a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b)(3) (career offender who commits crime with 20-year maximum sentence has base offense level of 32 and criminal history of VI). Further, any challenge to the reasonableness of Phenegar's sentence also would be futile. The 108-month prison sentence is below the guidelines range, so we would presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347–51 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Like counsel, we see no basis in the record that might rebut that presumption. Addressing the 18 U.S.C. § 3553(a) sentencing factors, the district court assessed the nature of the crime (a "serious crime" because banks should be "safe places where people can conduct their business and not be afraid of robbery or violence"); Phenegar's history and characteristics (the "tremendous tragedy" in his upbringing, his "struggles with mental health and substance abuse," and his "capacity to be a law-abiding person"); and the need to afford adequate deterrence (Phenegar had "robbed banks before" and a prior 72-month sentence did not deter him "from making that same choice relatively quickly after being

released"). On this record, it would be frivolous to argue that Phenegar's sentence was unreasonable.

Counsel also considers arguing—but appropriately declines to do so—that the district court failed to properly address Phenegar's arguments in mitigation. *See Gall v. United States*, 552 U.S. 38, 39 (2007). When counsel was asked near the end of the sentencing hearing whether the court had adequately addressed the principal arguments in mitigation, he responded, "I believe so," thus waiving any argument otherwise. *See United States v. Orozco-Sanchez*, 814 F.3d 844, 849 (7th Cir. 2016).

Lastly, counsel evaluates whether Phenegar could challenge his restitution order (for $2,874) or the conditions of supervised release but rightly concludes that Phenegar waived those arguments. Before sentencing, Phenegar received the presentence investigation report, which set forth the restitution amount and recommended conditions of supervised release. Phenegar did not object to either, and in fact agreed at the hearing to both the restitution amount and the supervised-release conditions. *See United States v. Flores*, 929 F.3d 443, 447–49 (7th Cir. 2019) (defendant waived right to challenge supervised-release conditions by telling district court he did not object to the proposed conditions); *United States v. Hathaway*, 882 F.3d 638, 641 (7th Cir. 2018) (defendant waived right to challenge restitution by not objecting to restitution amount).

We GRANT the motion to withdraw and DISMISS the appeal.