**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 19, 2016
Decided January 19, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1534

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-10108-001 |
| SHANE L. ELDER, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

After his wife found several files of child pornography on his laptop and turned him into the police, Shane Elder entered open guilty pleas to two counts of distributing pornography. *See* 18 U.S.C. §§ 2252A(a)(2), 2256(8)(A)–(B). The district court sentenced him below the guidelines range to 120 months' imprisonment on each count to be served concurrently. Elder filed a notice of appeal, but his lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve; Elder declined to respond to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United*

*States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Elder could challenge the adequacy of the plea colloquy or the voluntariness of his guilty pleas. But counsel neglects to say whether Elder wants his guilty pleas set aside. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Regardless, our own review of the record persuades us that a challenge would be frivolous. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *Konczak*, 683 F.3d at 349. During the plea colloquy the district court substantially complied with Federal Rule of Criminal Procedure 11(b), and substantial compliance typically is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The court advised Elder of his constitutional rights, the charges against him, the maximum penalties, the role of the sentencing guidelines, and its discretion in applying the guidelines. FED. R. CRIM. P. 11(b)(1). The court also ensured that his pleas were made voluntarily and supported by a satisfactory factual basis. FED. R. CRIM. P. 11(b)(2), (3). The court neglected to inform Elder that he had the right to persist in his plea of not guilty, FED. R. CRIM. P. 11(b)(1)(B), but he must have known as much because he already had pleaded not guilty at arraignment and the very purpose of the colloquy was to *change* that plea. *See Knox*, 287 F.3d at 670. The court's omission of any reference to its authority to order restitution, FED. R. CRIM. P. 11(b)(1)(K), was also inconsequential because restitution was not imposed. *See United States v. Fox*, 941 F.3d 480, 484–85 (7th Cir. 1991).

Counsel also considers challenging Elder's sentence, but rightly concludes that doing so would be frivolous. Elder's 10-year sentence fell below the 20-year statutory maximum. *See* 18 U.S.C. § 2252A(b)(1). Elder also waived any challenge to the calculation of his guideline range when he confirmed at sentencing that he read the presentence report and had no objections. *See United States v. Jones*, 635 F.3d 909, 915 n.6 (7th Cir. 2011); *United States v. Brodie*, 507 F.3d 527, 531–32 (7th Cir. 2007). Counsel further points out that the court adequately addressed Elder's mitigating arguments. *See United States v. Velazquez*, 772 F.3d 788, 800–01 (7th Cir. 2014); *United States v. Stinefast*, 724 F.3d 925, 931 (7th Cir. 2013). His below-guidelines sentence is also presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015). Counsel identified no reason to disturb that presumption, nor can we. The district court adequately considered the sentencing factors by discussing Elder's history—his dysfunctional upbringing and lack of prior

child-sex offenses—and characteristics—his emotional problems that required psychotropic medications. *See* 18 U.S.C. § 3553(a)(1).

Counsel does not mention one of Elder's standard conditions of supervised release—his being barred from leaving the judicial district without permission—that we have criticized as vague because it lacks a scienter requirement. *See United States v. Kappes*, 782 F.3d 828, 849–50 (7th Cir. 2015). But we have no reason to believe that Elder wants to challenge this condition because counsel did not identify it as a potential issue and Elder did not respond to the *Anders* brief. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). Moreover, even if Elder finds this condition to be problematic upon serving his supervised-release term, he would be free to seek modification under 18 U.S.C. § 3583(e)(2).

Finally, counsel properly concludes that any claim of ineffective assistance of counsel is best saved for collateral review, where an evidentiary foundation can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.