**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 5, 2017[*]
Decided February 7, 2017

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 16-2349 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 10 CR 759-2 |
| FRANCISCO NARVAEZ, also known as Paco, *Defendant-Appellant.* | John J. Tharp, Jr., *Judge.* |

## Order

The district court sentenced Francisco Narvaez to 72 months' imprisonment, within the Guideline range of 70 to 87 months calculated by the presentence report. His lawyer did not protest the use of that range. But on appeal Narvaez contends that the range should have been lower—in particular, that he should

---

[*] We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

have been in criminal history category I rather than criminal history category II. Confessing error, the prosecutor has conceded that Narvaez is correct.

The presentence report counted, toward Narvaez's criminal history, a 2005 conviction in Illinois for aggravated unlawful use of a weapon. Such a conviction is indeed on his record, but the Supreme Court of Illinois has held that the statute under which Narvaez had been convicted violates the Constitution's Second Amendment. See *People v. Aguilar*, 2013 IL 112116 (Sept. 12, 2013). The Sentencing Commission has decided that convictions under statutes later found to be unconstitutional must not be counted toward criminal history. U.S.S.G. §4A1.2 Application Note 6. It follows that the district court erred in calculating Narvaez's recommended range, and the error is sufficiently well established and (potentially) consequential that it meets the standard for correction under the plain-error standard. Whether a lower recommended range affects the sentence is a question for the district court to consider.

The judgment of the district court is vacated, and the case is remanded for resentencing.