NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017
Decided December 5, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2203

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10-cr-00759-2 |
| FRANCISCO NARVAEZ, | |
| *Defendant-Appellant.* | John J. Tharp, Jr., *Judge.* |

**O R D E R**

This is second time Francisco Narvaez has appealed. His first appeal occurred after a jury found him guilty of conspiring to possess with the intent to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), using a telephone to sell cocaine, *see id.* § 843(b), and distributing cocaine, *see id.* § 841(a)(1); 18 U.S.C. § 2, for which he was sentenced to 72 months in prison. In the first appeal he argued only that the district court had miscalculated his guidelines range by assigning a criminal-history point for a conviction under a state law that was later ruled to be unconstitutional. We agreed, so we vacated the judgment and remanded the case for resentencing. *United States v. Narvaez,*

679 F. App'x 469 (7th Cir. 2017). On remand the district court again sentenced Narvaez to 72 months' imprisonment (and 4 years' supervised release).

On his second trip to our court, Narvaez's appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Narvaez opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. Because counsel's analysis appears to us thorough, we limit our review to the subjects counsel covers as well as the additional issues that Narvaez, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Narvaez might challenge any aspect of his jury trial. But he waived any such challenges by not raising them in his first appeal, so raising them now would be frivolous. *See United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014); *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002).

Next counsel considers whether Narvaez could again challenge his sentence, but properly determines an appellate attack would be pointless. First, Narvaez could not reasonably attack the calculation of the guidelines range. The district court recalculated Narvaez's guidelines range without including in his criminal history the invalidated conviction. Narvaez agreed that the computed range of 63 to 78 months in prison was correct, so he waived any potential objection to it. *See United States v. Burns*, 843 F.3d 679, 685–86 (7th Cir. 2016); *United States v. Brodie*, 507 F.3d 527, 531–32 (7th Cir. 2007). Second, a challenge to the reasonableness of his 72-month prison sentence would be frivolous. We presume that this within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Gries*, 872 F.3d 471, 476 (7th Cir. 2017), and the record gives Narvaez no basis to challenge that presumption. The court discussed and reasonably weighed the relevant 18 U.S.C. § 3553(a) factors, including the seriousness of Narvaez's drug crimes. The court also emphasized that Narvaez, who absconded and continued to deny responsibility even after his trial, should receive a harsher sentence than his codefendant. The codefendant received the statutory minimum of 60 months because he had pleaded guilty, had no criminal history, and did not abscond. Last, the court explained that it imposed the 72 months' imprisonment again because the prior miscalculation had played no role in the original sentence; instead, the court said, the sentence was driven by Narvaez's continued drug trafficking despite his previous, more lenient sentences for previous crimes.

Finally, we briefly address Narvaez's filings, which consist of his Rule 51(b) response to counsel's motion to withdraw and Narvaez's two motions asking for a

different judge to review his case if we remand again. In one of his motion, he contends that the district judge "collaborated" with the attorneys and was biased against him. But he gives no specifics, and the record reveals no evidence to support this contention. His Rule 51(b) response repeats these assertions, again without record support, and adds that the judgment violated Federal Rules of Civil Procedure 58 and 79(a), which do not apply to a criminal case. Last, he asserts that the proceedings reflected racial bias and his lawyers were ineffective. Again, the record does not support these arguments. And the proper place to present out-of-record information, if it exists, that supports contentions like these would be a collateral attack, not a direct appeal. *See Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015); *United States v. Bryant,* 754 F.3d 443, 444 (7th Cir. 2014). We, therefore, would not address Narvaez's claim of counsel's ineffectiveness or racial bias in his direct appeal.[1]

Accordingly, we DENY Narvaez's pending motions for a new sentencing judge, GRANT counsel's motion to withdraw, and DISMISS Narvaez's appeal.

---

[1] In his second motion asking for a different judge, Narvaez argues that it would be unfair for the same judge who oversaw his trial and resentenced him to re-review his case on remand. But because we are dismissing his case, not remanding it, this argument is moot.