In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3504

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANCISCO FUENTES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 CR 00050 — **Virginia M. Kendall**, *Judge.*

ARGUED FEBRUARY 7, 2017 — DECIDED JUNE 8, 2017

Before BAUER, POSNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.* On January 28, 2016, Francisco Fuentes was charged with one count of illegal reentry by a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He pleaded guilty on June 7, 2016, pursuant to a written plea agreement. On September 7, 2016, he was sentenced to 24 months' imprisonment. Fuentes appeals his sentence, arguing

that the district court erred in its Sentencing Guidelines calculation. We find that Fuentes waived any such argument, and therefore, we affirm the sentence.

## I. BACKGROUND

Fuentes and his counsel signed a written plea agreement, which included specific agreements as to the calculations of his Guidelines range. The parties agreed that "[p]ursuant to Guidelines § 2L1.2(b)(1)(C) defendant's offense level is increased by 8 levels because defendant previously was deported after a conviction for an aggravated felony." The government agreed to seek a three-sentence reduction if Fuentes continued to accept responsibility, which he did. Ultimately, the parties agreed that the resulting advisory Guidelines range was 24-30 months.

At his change of plea hearing, Fuentes confirmed that he had reviewed the plea agreement with his attorney, that his attorney had answered all of his questions, and that he was satisfied with his representation. The court then described the applicable Guidelines range in detail, including the eight-level increase, and Fuentes stated that he understood the calculation.

Fuentes filed his sentencing memorandum on August 29, 2014, which stated that he did "not have any disagreements with the advisory Guidelines calculated in the Presentence Investigation Report." His memorandum then outlined the specific calculations as they were made in the PSR and the plea agreement, and specifically stated that he agreed with them. Fuentes sought a variance from the 24-30 month range based on issues not raised on this appeal.

At the sentencing hearing, Fuentes' counsel made only one objection to a specific factual characterization in the PSR, and the court agreed to make the requested change. The court then specifically asked whether there was any objection to the base offense level or the eight-level increase "because it is after the commission of an aggravated felony." Fuentes' counsel stated that there was no objection, and also said "yes" when the court asked if everyone agreed that 13 was the correct total offense level. After addressing the appropriate factors and Fuentes' primary mitigation argument, which concerned credit for time served in state custody, the court sentenced him to 24 months' imprisonment.

## II.  DISCUSSION

Fuentes' only argument on this appeal is that the district court erred by applying the eight-level enhancement because it incorrectly considered his previous burglary conviction to be an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). The government argues that Fuentes has waived this challenge. Fuentes acknowledges that he failed to raise the argument in the district court, but contends that he merely forfeited it. We must determine, then, whether his failure constitutes a waiver or a forfeiture.

"Waiver occurs when a criminal defendant intentionally relinquishes a known right." *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007) (citation and quotation marks omitted). Waiver is different than forfeiture, which "occurs when a defendant negligently fails to assert a right in a timely fashion." *Id.* A forfeited argument may be raised on appeal and is

reviewed for plain error. *Id.* Waiver, on the other hand, "extinguishes any error and precludes appellate review[.]" *Id.*

Here, it is clear that Fuentes waived any challenge to his Guidelines range, including the eight-level enhancement. He explicitly agreed to the enhancement in his written plea agreement. He was provided an opportunity to object to or disagree with the Guidelines calculation at his change of plea hearing, in his sentencing memorandum, and at his sentencing hearing. In all three instances, Fuentes affirmatively agreed with the Guidelines range and made no objections. At both hearings, the court specifically pointed out and explained the aggravated felony enhancement and confirmed that Fuentes understood and agreed that it applied. Moreover, in his sentencing memorandum, Fuentes stated that he specifically agreed that he qualified for the eight-level enhancement "because he was deported in August of 2010 following a burglary conviction that meets the definition of an aggravated felony in Section 101(a)(43) of the Immigration and Nationality Act." We do not believe that these repeated affirmations can be considered negligent oversights that might qualify as forfeiture.

It is also significant that Fuentes raised an objection at sentencing to a factual characterization set forth in the PSR, and still chose to forgo a challenge to the Guidelines calculation. We have previously found that objecting to certain parts of a PSR, but not the later-challenged Guidelines range constitutes "the paragon of intentional relinquishment." *Brodie*, 507 F.3d at 531; *see also United States v. Armour*, 804 F.3d 859, 865 (7th Cir. 2015) (citing *Brodie* and finding waiver where

defendant objected to conditions of supervised release, but not the applicable Guidelines range).

We are persuaded, therefore, that Fuentes intentionally relinquished his right to challenge the Guidelines range here, particularly in light of his numerous affirmative statements of agreement with the enhancement and the calculation. As such, we are precluded from reviewing his sentence.

### III.  CONCLUSION

For the foregoing reasons, the sentence is affirmed.