**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018
Decided December 20, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1284

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-CR-165 |
| RICARDO BURGOS, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Over a period of months in 2015, Ricardo Burgos sold small amounts of drugs to undercover officers six times, handing over a total of 4.02 grams of crack and 1.4 grams of heroin. A few weeks after the last of these transactions, Burgos recorded a music video at a hotel in Deerfield, Illinois in which he brandished a .45 caliber pistol at the camera—a pistol that he later admitted was stolen and that his past felony convictions barred him from possessing. Burgos was charged with and pleaded guilty to one count of distribution of a controlled substance and one count of unlawfully possessing a firearm. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). After receiving concurrent 188-month and 120-month sentences, he filed a notice of appeal. His appointed counsel

asserts that the appeal is frivolous and moves to withdraw, *see Anders v. California*, 386 U.S. 738 (1967); Burgos opposes the motion, *see* CIR. R. 51(b). We grant counsel's motion and dismiss the appeal.

Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might be expected to involve. Because counsel's analysis appears thorough, we limit our review to the issues counsel discusses as well as those Burgos wishes to raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Burgos does not want to challenge his guilty plea, so counsel appropriately avoids discussing whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

To begin with, counsel notes that Burgos's sentence was enhanced due to his career offender status, *see* U.S.S.G. § 4B1.1, and questions whether this classification is contestable. Counsel considers and rejects several arguments including whether the proper version of the guidelines was used and whether his underlying offenses were in fact crimes of violence. We agree with counsel's assessment that there are no non-frivolous arguments to be made about Burgos's career-offender status.

Further, it would be frivolous to challenge the enhancement because, as counsel notes, Burgos "repeatedly agreed" that he is a career offender. In his sentencing memorandum, Burgos related that he has two prior felony convictions for crimes of violence and admitted that he is a career offender. During the sentencing hearing, the government stated—and Burgos explicitly agreed—that he was a career offender with an offense level of 29, a criminal history category of VI, and that the proper guidelines range was 151 to 188 months' imprisonment. And at one point, the judge questioned Burgos about a notation in his sentencing memorandum that his criminal history category was IV, not VI, as career offender status requires. Burgos responded: "Judge, it's just a typo. It should be six." These repeated affirmations of his career-offender status are inconsistent with a negligent or accidental failure to object. Forfeiture happens through accident or negligence; waiver happens intentionally. *United States v. Olano*, 507 U.S. 725, 733 (1993). *See also United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017) (repeated affirmations in memoranda and at sentencing could not "be considered negligent oversights that might qualify as forfeiture").

Counsel also considers whether Burgos's sentence could colorably be challenged on reasonableness grounds but correctly determines that this, too, would be frivolous. Burgos's 188-month sentence is within the guidelines range of 151 to 188 months,

making it presumptively reasonable on appeal. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Nothing in the record could rebut the presumption: the district court considered Burgos's arguments in mitigation, walked through the § 3553(a) factors, and fully explained its reasoning.

Likewise, counsel correctly concludes that an attack on Burgos's conditions of supervised release would inevitably fail. Burgos forfeited this argument; he communicated to the judge that he and his attorney had reviewed the conditions together prior to the hearing, the conditions he reviewed were the same he received at sentencing, and Burgos told the judge he had no objections. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016). And there would be no plain error because the court has discretion to impose supervised-release conditions and need not provide a separate explanation for them. *United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016); *United States v. Kappes*, 782 F.3d 828, 837 (7th Cir. 2015).

In his Rule 51(b) response, Burgos presents the additional argument that the judge improperly attributed an earlier drive-by shooting to him and relied upon this inaccurate information during sentencing. *See United States v. Tucker*, 404 U.S. 443, 447 (1972). But the judge did no such thing: after discussing the drive-by shooting, the judge explicitly said, "But I don't rely on that in the sentencing. It's not necessary." Because Burgos could not demonstrate the necessary reliance, *see United States v. Walton*, 907 F.3d 548, 552 (7th Cir. 2018), this argument would be frivolous.

We GRANT the motion to withdraw and DISMISS the appeal.