**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided October 26, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1718

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:18-CR-50050(1) |
| FRANK J. HOWARD, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

## O R D E R

Frank Howard pleaded guilty to possession with intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1), and the district court applied the career-offender guideline in sentencing him to 180 months' imprisonment. *See* U.S.S.G. § 4B1.1(a). Howard appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Howard opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because that analysis appears thorough, we limit our review to the subjects that counsel discusses and that Howard raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

After consulting with Howard, counsel believes that Howard seeks to withdraw his guilty plea because he regrets admitting to being a career offender in his plea

agreement. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–671 (7th Cir. 2002). Counsel therefore considers whether Howard could argue that his guilty plea was not knowing and voluntary. Because Howard did not move to withdraw his plea in the district court, he would have to show plain error on appeal. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

We agree with counsel that challenging the validity of Howard's plea would be frivolous because the district court complied with Rule 11(b) before accepting his guilty plea. *See* FED. R. CRIM. P. 11. The court explained the nature of the charge and the potential penalties, as well as the rights Howard would waive by pleading guilty and the effect of a conviction, and it confirmed that his decision was voluntary. *Id.* Counsel notes that the district court varied from Rule 11(b)(2) by asking whether "anyone forced [Howard] to sign this written plea agreement," and not whether it resulted "from threats." But this slight deviation could not have affected Howard's substantial rights, especially because the written plea agreement states that "no threats, promises, or representations" induced him to plead guilty. *See* FED. R. CRIM. P. 11(h); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). Further, if Howard wishes to withdraw his plea because "he underestimated his sentence," *United States v. Barr*, 960 F.3d 906, 918 (7th Cir. 2020), or has "objections to his career offender status," *United States v. Redmond*, 667 F.3d 863, 874 (7th Cir. 2012), neither is a fair or just reason to permit withdrawal. *Barr*, 960 F.3d at 918; *Redmond*, 667 F.3d at 874.

Next, counsel considers whether Howard can challenge the application of the career-offender enhancement. Counsel correctly concludes that any such challenge would be frivolous because it was at least forfeited and "likely" waived. We agree that Howard waived any challenge to the enhancement because he never objected to its applicability and, in fact, agreed with it. *See United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017). His plea agreement—which he affirmed that he read, understood, and discussed with his attorney—states: "Defendant is a career offender." At the sentencing hearing, after the judge sustained his objection to the number of qualifying predicate offenses in the revised presentence investigation report, Howard conceded that he still had at least two qualifying convictions and that he "agree[d] to the guidelines calculations." Finally, Howard's primary argument at sentencing was that, although the career-offender guideline applied, the court should impose a sentence below the applicable range because he was not the type of recidivist it was meant to punish. Howard therefore waived any argument that the enhancement does not apply.

In his Rule 51(b) response, Howard raises three potential challenges to the constitutionality of the career-offender enhancement, but all are frivolous. First, he invokes the non-delegation doctrine. But Congress properly delegated its authority to the U.S. Sentencing Commission to promulgate the Sentencing Guidelines. *See Mistretta v. United States*, 488 U.S. 361, 374 (1989). Howard would also argue that the enhancement violates the Double Jeopardy Clause because it imposes additional punishment for past offenses. Yet enhancing a sentence based on a pattern of criminal activity does not change the punishment for the earlier convictions. *See Witte v. United States*, 515 U.S. 389, 400 (1995); *United States v. Andrews*, 447 F.3d 806, 810 (10th Cir. 2006). Last, Howard wishes to argue that in concluding he is a career offender, the court increased his sentence based on facts that he did not admit and were not found by a jury, in violation of the Sixth Amendment. But we have held that the application of this enhancement does not run afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 488–90 (2000), or the cases extending it. *See United States v. Glover*, 479 F.3d 511, 521–22 (7th Cir. 2007).

Finally, counsel considers challenging the substantive reasonableness of Howard's sentence. Because the sentence was within a properly calculated guideline range, we would presume it to be reasonable. *United States v. Rucker*, 766 F.3d 638, 645 (7th Cir. 2014). And we agree with counsel that Howard could not overcome that presumption. The district court discussed its weighing of the 18 U.S.C. § 3553(a) sentencing factors at great length. For example, it assessed the nature of Howard's offense, his involvement with the criminal justice system from age twelve, his lack of any employment history, and his recent release from prison, as well as the need to protect the public from his escalating criminal activity. *See id.*

The district court also addressed Howard's arguments in mitigation. *See United States v. Morris*, 775 F.3d 882, 886–87 (7th Cir. 2015). It noted Howard's apology and willingness to seek treatment but said that imposing his requested downward variance would not "dissuade him from committing any future crimes." And the court considered, but found unpersuasive, Howard's argument based on a report of the Sentencing Commission that the career-offender guideline should not apply to defendants without a record of violent crime. The court's explanation forecloses any argument that the sentence is substantively unreasonable.

We GRANT counsel's motion to withdraw and DISMISS the appeal.