NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021
Decided May 6, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cr-40067-001 |
| GUSTAVO R. SANDOVAL, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Gustavo Sandoval pleaded guilty to conspiring to distribute 50 grams or more of actual methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and was sentenced within the guidelines to 210 months in prison and 5 years' supervised release. Sandoval appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief appears thorough; it explains the nature of the case and the issues that an appeal of this kind might be expected to involve. We therefore limit our review to the subjects that counsel discusses and that Sandoval raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Sandoval could raise a non-frivolous challenge to his guilty plea. But counsel fails to tell us, as she should have, whether she consulted with Sandoval and told him of the risks of challenging his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We need not reject counsel's brief, however, because the transcript of Sandoval's plea colloquy under Federal Rule of Criminal Procedure 11 shows that any challenge to his plea would be frivolous. *See Konczak*, 683 F.3d at 349. The district court determined that Sandoval understood the charges against him, the trial rights he was waiving, the maximum penalties for his offense, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court further ensured that Sandoval's plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2)–(3).

Counsel next considers whether Sandoval could make a non-frivolous procedural argument against his sentence and appropriately concludes he could not. Sandoval's 210-month prison sentence does not exceed the statutory maximum, and the district court imposed the statutory minimum term of 5 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The court properly calculated a guidelines range of 210 to 262 months in prison based on a criminal history category of I and a total offense level of 37. In calculating Sandoval's offense level, the court applied a two-level enhancement for his organizing role in the drug conspiracy, citing his leadership of an organization that purchased and distributed nearly 14 kilograms of methamphetamine across three states. *See* U.S.S.G. § 3B1.1(c). Sandoval proposes challenging the factual basis for that enhancement because, he says, his co-defendant lied about his role in the offense. But Sandoval explicitly agreed to the enhancement in a sentencing memorandum and again at sentencing, so he waived any right to appeal its application. *See United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017).

Counsel next rightly concludes that Sandoval could not challenge the substantive reasonableness of his sentence. Sandoval's within-guidelines sentence is presumptively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Nothing in the record could rebut that presumption. The district court fully considered the factors under 18 U.S.C. § 3553(a) in selecting his sentence: It recognized his limited criminal history, his supportive relationships with family and friends, and his policy arguments challenging the guidelines' higher sentencing recommendations for actual methamphetamine, but it determined that those factors were outweighed by the seriousness of the offense, his prominent role within the drug-trafficking organization, and his substance abuse. *See* 18 U.S.C. § 3553(a)(1)–(2).

Finally, Sandoval urges that his attorney in the district court rendered ineffective assistance by failing to investigate his case and particularly the circumstances of injuries inflicted by his arresting officer. But this claim would be better addressed in a collateral proceeding so that a more complete record could be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.