NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021
Decided June 24, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2966

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cr-40053-002 |
| GATES I. SISK, <br> *Defendant-Appellant*. | Sara Darrow, <br> *Chief Judge*. |

**O R D E R**

Gates Sisk pleaded guilty to robbery, 18 U.S.C. § 1951(a), possessing controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), and brandishing a firearm during a robbery, 18 U.S.C. § 924(c)(1)(A)(ii), after he and two accomplices robbed a store at gunpoint, taking cash and prescription drugs. The district court sentenced him within the guidelines to concurrent sentences of 72 months' imprisonment for both the robbery and drug charges and a consecutive sentence of 84 months in prison, the mandatory minimum, for the gun charge. Sisk appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an

appeal like this would be expected to involve. Because his analysis appears thorough, and Sisk has not responded to his motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Sisk could raise a non-frivolous challenge to his guilty plea under Federal Rule of Criminal Procedure 11. Counsel fails to tell us, as he should have, whether he consulted with Sisk about the risks of challenging his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). The omission is harmless, though, because the transcript of Sisk's plea colloquy shows that any challenge to his plea would be pointless. *See Konczak*, 683 F.3d at 349. The district court determined that Sisk understood the charges against him, the trial rights that he was waiving, the maximum penalties for his offense, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court further ensured that Sisk's plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2)–(3).

Counsel next considers whether Sisk could advance a non-frivolous procedural attack against his sentence and appropriately concludes that he could not. Counsel correctly notes that Sisk did not object to the guidelines calculations in the presentence investigation report, and at his sentencing hearing he affirmatively agreed with them, so he waived any challenge to them. *See United States v. Fuentes*, 858 F.3d 1119, 1121 (7th Cir. 2017). And even if he had not, the record contains no basis for such a challenge. The court properly calculated a guidelines range of 70 to 87 months in prison for the robbery and drug charges based on Sisk's criminal history category of I and a total offense level of 27. *See* U.S.S.G. § 5A. And it rightly noted that the § 924(c) firearm charge carried a mandatory minimum sentence of 84 months' imprisonment, to run consecutively to any other sentence. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4(b).

We also agree with counsel that any challenge to Sisk's sentence as substantively unreasonable would be futile. The court imposed the mandatory minimum sentence for the firearm charge and sentences at the low end of the guidelines range for the other charges. We presume that a within-guidelines sentence is reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Nothing in the record, which shows that the district court considered the factors under 18 U.S.C. § 3553(a) in sentencing Sisk, could rebut the presumption. The court considered his youth (he was 18 at the time of the robbery), his difficult childhood, his struggles with substance abuse, and his supportive family, and it found those factors to be mitigating. § 3553(a)(1). But it permissibly decided that other factors weighed against

the mitigating elements. It reasoned that the circumstances of his offense were "as serious as it gets," as it was a "planned, coordinated and quite competent robbery" in which Sisk and his accomplices "terrorized" employees before fleeing from police. *Id.* The court thus reasonably concluded that 72 months in prison (followed by the mandatory 84 months for the § 924(c) charge) would suffice to reflect the seriousness of the offense and provide specific and general deterrence. § 3553(a)(2)(A)–(B).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.