NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022
Decided May 16, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2611

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00294(1) |
| SHAWN STEWART,<br>*Defendant-Appellant*. | Rebecca R. Pallmeyer,<br>*Chief Judge*. |

**O R D E R**

In connection with a longstanding tax-fraud scheme, Shawn Stewart pleaded guilty to filing a false tax return in violation of 18 U.S.C. § 287. The district court sentenced him to 36 months' imprisonment and 3 years' supervised release. Stewart appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because this analysis appears thorough, and Stewart has not responded with additional arguments,

*see* CIR. R. 51(b), we limit our review to the potential issues that counsel identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Stewart, who was also convicted of tax fraud in Illinois in 2011, filed a series of fraudulent federal income tax returns between 2008 and 2014, requesting refunds totaling $3,433,032. He received $815,637 in federal refunds. To justify the refunds, Stewart fabricated W-2s to report false wages. As the court noted at sentencing, he used the refund money "to buy BMWs and Dodge Ram trucks and a boat and fancy dinners."

Under an agreement with the government, Stewart pleaded guilty to one count of filing a false tax return under § 287. The district court adopted the presentence investigation report, without objection, and calculated a range of 46 to 57 months' imprisonment and 1 to 3 years' supervised release under the Sentencing Guidelines. The court sentenced Stewart to 36 months' imprisonment and 3 years' supervised release, which was "absolutely the lowest sentence that [the court felt] comfortable imposing."

Counsel informs us that he consulted with his client and confirmed that Stewart does not wish to withdraw his guilty plea. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or whether the plea was otherwise knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

As for potential sentencing arguments, counsel first considers whether Stewart could challenge the district court's calculation of the guidelines range and appropriately concludes that doing so would be frivolous. Because Stewart did not object, we would review those calculations for plain error, *see United States v. Thomas*, 897 F.3d 807, 816 (7th Cir. 2018), and counsel explains why no such error occurred: The district court correctly determined a base offense level of 22, because the intended tax loss was more than $1,500,000 (and less than $3,500,000), *see* U.S.S.G. § 2T4.1(I), and added 2 levels for using sophisticated means (fabricated W-2s), *see* U.S.S.G. § 2T1.1(b)(2); *see also United States v. Bickart*, 825 F.3d 832, 837–38 (7th Cir. 2016) (enhancement appropriate for fabricated 1099-OID forms). The court then subtracted 3 levels because Stewart accepted responsibility and assisted in the prosecution of his own misconduct, *see* U.S.S.G. § 3E1.1(a)–(b), for a total offense level of 21. For criminal history, the court calculated Stewart's category as III based on 5 points: 1 each for domestic battery, state tax fraud, and driving under the influence; and 2 for committing this offense while under a criminal justice sentence. Counsel notes that the domestic battery, committed in 2001, should not have counted toward Stewart's criminal history. *See* U.S.S.G. § 4A1.2(e)(2). But an error is

plain only if it affected Stewart's substantial rights, *see Thomas*, 897 F.3d at 812, and 4 criminal history points also would have resulted in category III.

Counsel next considers whether Stewart can present any nonfrivolous argument that the sentence is substantively unreasonable and rightly concludes that he cannot. We presume that a below-guidelines sentence is reasonable, *see United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019), and nothing in this record would rebut that presumption. The court reasonably weighed the sentencing factors under 18 U.S.C. § 3553(a) and assessed "[w]hat penalty is sufficient but not greater than necessary." It considered Stewart's health and his argument that imprisonment was not necessary given the options of home confinement and community service. But the court ultimately determined that the conviction called for a prison term, giving great weight to the seriousness of the offense (a "very, very large amount of loss"), the circumstances of the offense (that Stewart committed fraud while on probation for another fraud offense), and Stewart's history and characteristics (he was not in financial distress and used the money for luxury items).

Finally, counsel evaluates whether Stewart could challenge the other components of his sentence. He correctly concludes that it would be frivolous to contest the restitution because Stewart affirmatively agreed to the restitution amount in his plea agreement, and any challenge would be waived. *See United States v. Hathaway*, 882 F.3d 638, 641 (7th Cir. 2018). Similarly, counsel concludes, Stewart did not preserve a challenge to the term or conditions of supervised release. Before sentencing, Stewart received the presentence investigation report, which set forth the recommended supervised-release term and conditions. At his hearing, he discussed the conditions with his then-attorney and did not object when given the opportunity, so he waived any appellate challenge to his supervised release. *See United States v. Flores*, 929 F.3d 443, 447–49 (7th Cir. 2019). Even if such arguments were merely forfeited, *see id.* at 447, counsel identified no potential plain errors with respect to the term or conditions of supervised release, and we agree with that assessment, *see United States v. Kappes*, 782 F.3d 828, 847 (7th Cir. 2015).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.